# CHARLESTON.

## BUTTS, ADMR. v. HOUSTON.

Submitted September 1, 1915.   Decided September 21, 1915.

1. ANIMALS—*Personal Injuries—Knowledge of Vicious Disposition.*

   To charge an owner with liability for personal injury by a horse, actual knowledge of the vicious disposition of the animal is not essential. It is sufficient if from proved and unexplained circumstances he ought to have known, or if ordinarily prudent he would have known, its propensity generally to do similar mischief. (p. 605).

2. SAME.

   The owner of such animal may be chargeable with knowledge of its viciousness through his neglect to take notice of attacks frequently repeated upon the person or property of others, made near his residence and usual place of business, and ranging in time from two days to three years prior to the injury sought to be redressed. (p. 605).

3. SAME—*Personal Injuries—Knowledge of Disposition—Evidence.*

   Testimony offered to prove restraint upon the animal following a previous assault by it, the restraint being a circumstance from which, if true and unexplained, knowledge of its disposition to inflict injury may reasonably be inferred, is admissible. (p. 606).

4. SAME.

   The mere lapse of a reasonable time, two years here, affects the probative value, and not the competency, of such proof. (p. 606).

5. SAME—*Personal Injuries—Knowledge of Disposition—Evidence— Question for Jury.*

   Whether defendant had knowledge, express or implied, as to the malevolent disposition of the horse, ordinarily is solely a question for the jury, upon proper instructions, as is also the probative force and value of the proof in the case. (p. 607).

Error to Circuit Court, Fayette County.

Action by J. W. Butts, administrator, against L. H. Houston. Judgment for defendant, and plaintiff brings error.

*Reversed, verdict set aside, and new trial ordered.*

*R. T. Hubbard, Jr.,* and *F. N. Bacon,* for plaintiff in error.

*Dillon & Nuckolls,* for defendant in error.

LYNCH, JUDGE:

To recover damages for the death of his four year old son, resulting from a vicious attack by defendant's horse, plaintiff brought this action; and to a judgment upon an adverse verdict this writ of error was awarded him. Two assignments only need be discussed. These require the expression of an opinion upon the exclusion and rejection of evidence and misdirection by instructions.

When kicked by the horse, the child, and its sister seven years old, were, with the permission of their mother, playing at their usual place of entertainment under a shade tree standing immediately without the fence enclosing the residence of their parents. The horse was, at the same time, depasturing on the unenclosed lands of a colliery company without objection by the land owner and not in violation of any statute of the state or ordinance of the incorporated village wherein the accident occurred. Except during a few months, defendant had owned and continuously kept and used the animal about eleven years in hauling goods to and from a store conducted by him in the same village.

As an essential element of the right to damages, it was incumbent upon plaintiff to show, and by the excluded and unadmitted testimony he undertook to show, circumstances evincing knowledge by defendant of the disposition of the horse violently to attack men, women and children. These manifestations of viciousness, covering a period of about three years prior to the accident causing the death of the Butts child, were fully established by competent proof admitted at the trial and not contradicted. At least two of the instances proved occurred only a few days before the injury here complained of. Some of them occurred near the residence and store of defendant, and therefore virtually under

his immediate observation.  The persons assailed escaped serious injury by retreating to places of safety, by counter attacks by clubs or other missiles, and by the intervention of friends or relatives.  Several witnesses testified to these various and persistent hostile demonstrations of a violent disposition towards strangers passing near the animal while on the common pasturage.

One such incident proved was an attack upon a boy named Polinsky about two years prior to the accident under consideration.  On defendant's motion, the court excluded the testimony of the witness Cooper, and declined to permit Mrs. Treadway to testify, that for two or three weeks immediately subsequent to that occurrence the horse remained tethered while at pasture in close proximity to defendant's residence and place of business.  This evidence clearly was proper, and should not have been excluded and refused.  It had some probative value upon the question of *scienter*.  1 Rul. Cas. Law 1091; 3 Enc. Law & Prac. 980; Wigmore on Ev. §282. It introduced a circumstance tending to sustain the theory advanced, that the restraint imposed upon the animal was with defendant's knowledge, because virtually under his immediate observation, and that for this reason, he ought to have known the cause of the limitations placed upon the horse's movements.  Indeed, he is presumed to know that which, in the exercise of ordinary diligence, he should have ascertained.  If any such restraint was imposed—a fact solely for the jury—the reasonable inference is that defendant must have known the cause thereof and the necessity therefor, if he did not himself actually shackle the horse.  A contrary conclusion would not accord with ordinary human experience. Nor did the time intervening the two incidents necessarily render the evidence incompetent or inadmissible.  The lapse of two years did not wholly negative the imputation naturally raised by the evidence excluded and withheld.  It nevertheless had some testimonial force and probative value.  Whether, when admitted, the evidence, notwithstanding the lapse of time, would reasonably justify the conclusion that defendant then had, or, as a man of ordinary prudence exercising due care in the control and management of his own property, ought to have had, knowledge of the characteristic traits of

the animal owned and controlled by him, was a question of fact, and not one of law. Whatever reasonably tended to establish express knowledge, or knowledge inferred or implied from circumstances, was competent. Whether convincing or inconclusive upon the question of scienter, it was the province of the jury to say.

The instructions criticized doubtless led the jury to believe that defendant was not chargeable for the malicious conduct of his horse unless he had direct and positive knowledge of actual mischief theretofore done by it. If they had that effect, or were so worded as to induce that belief, the theory on which they were framed was an erroneous one, in view of the facts proved. While the doctrine sustained by many decisions, of which defendant cites several, is that notice or knowledge of the vicious propensities of an animal is an essential prerequisite in order to charge the owner, yet the true doctrine is that the knowledge need not necessarily be actual in the ordinary acceptation of the term. Either constructive or imputed notice is suffiicent. If in the exercise of reasonable diligence and common prudence the owner ought to have known an animal owned or kept by him was dangerously inclined and likely would, if unrestrained, inflict injury upon the person or property of another, he is chargeable as if he had actual, direct and positive notice of acts of viciousness committed by it. *Hayes* v. *Smith,* 56 N. E. (Ohio) 879; *Knowles* v. *Mulder,* 74 Mich. 202, 16 Am. St. 627; *Harris* v. *Packing Co.,* 43 Wash. 647; *Holt* v. *Myers,* 93 N. E. (Ind.) 31, 1002.

In a Texas case, an express company, having permitted the use of dangerous and unruly mules for five or six months, was held chargeable in damages for injuries resulting from a collision occasioned by the viciousness of the animals, on the assumption that defendant knew or in the exercise of ordinary care could have known they were inclined to do mischief. *Express Co.* v. *Parcarello,* 162 S. W. 927. So in Illinois the owner was held chargeable for injuries inflicted by a mule upon a servant, without actual knowledge of the animal's vicious disposition, on facts deemed sufficient to prove that the master by the exercise of diligence would have known of such tendency. *Miller* v. *Coal Co.,* 239 Ill. 626.

As more directly applicable to the facts of the instant case, a Missouri court held a master liable for injuries caused by the viciousness of a horse, though he may not have had actual knowledge of its mischievous tendency, if he did have notice of circumstances sufficient to put a reasonably prudent owner on his guard. *McCready* v. *Stepp*, 104 Mo. App. 340. Knowledge may be implied from circumstances. *Poland* v. *Minshall*, 96 N. Y. S. 200. Where, as here, the acts of viciousness have been of frequent occurrence during the owner's possession, notice will be more readily inferred. *Knowles* v. *Mulder*, *supra*. The requirement of actual personal knowledge, such as the instructions constructively deemed essential, effectually would postpone liability until after the infliction of a similar injury, thus affording immunity so long as the animal refrained from acts of violence actually known by the owner, whatever may be its real disposition. The court in *McCready* v. *Stepp*, *supra*, however said: ''Notice of those circumstances which would have placed a reasonably prudent man upon reasonable inquiry and would have afforded information of the true nature of the animal was sufficient, and imposed the same degree of responsibility on defendant as if possessed of actual knowledge''. Indeed, the modern tendency seems to be that liability does not depend on actual knowledge of viciousness. *Buck* v. *Brady*, 110 Md. 568; *Grissom* v. *Hofius*, 39 Wash. 51. The owner is chargeable if he knows the disposition of the animal to be such that it will likely commit an injury similar to the one sought to be compensated in damages. *Emmons* v. *Stevnae*, 77 N. J. L. 570; *Godeau* v. *Blood*, 52 Vt. 251; *Crowley* v. *Gonnell*, 73 Vt. 45; *Linnehan* v. *Sampson*, 126 Mass. 506.

So that, in cases involving the conduct of animals *consuetae naturae* causing injury to the person or property of another, the inquiry is whether the owner actually knew the animal's malicious inclination, or if he did not, whether its acts of viciousness were of such notoriety or frequency and within such nearness to his residence or place of business or in such other circumstances as to cause a reasonable man, exercising due care over his own property for the protection of the rights of others, to take notice of the evil propensity. An answer to these interrogatories necesasrily will go far towards

determining the owner's liability. If he did not in fact know, and had no reasonable ground to suspect the existence of any tendency to malevolence or viciousness on the part of his animal, and was not cognizant of any acts of violence or depredation committed by it, or, if committed, the acts were done in circumstances of which he was wholly unaware or of which he would not have known if he had been ordinarily diligent and prudent in the management and control of the animal, he is not liable in damages; otherwise he is so liable. Wherever it clearly appears, from proved and uncontroverted facts and circumstances, that, although the animal is domesticated, it has a tendency or is disposed to attack persons or property and inflict injury, of which disposition the owner has notice actual and implied, as noted, the law imposes on him the duty of keeping it securely restrained, and holds him liable to one who without fault is injured as a result of such malevolence. *Reynolds* v. *Hussey*, 64 N. H. 64; *Kittredge* v. *Elliott*, 16 N. H. 82. Whether there is such knowledge is a question of fact for jury determination, in view of all the proof in each particular case. *Railway* v. *O'Brien*, 46 S. W. (Tex.) 389; *Rider* v. *White*, 65 N. Y. 54; 3 Enc. Law & Prac. 981. These principles defendant's instructions wholly ignore.

Plaintiff's instruction refused did not altogether conform to the views indicated by the authorities cited. It failed to present fully the elements essential to an adequate comprehension by the jury of the facts from which reasonably would arise an inference of knowledge.

Nor do the legal principles announced by these cases conflict with the doctrine stated in *Johnson* v. *Manufacturing Co.*, 65 W. Va. 544, holding that an owner is not chargeable with liability unless he "had previous knowledge" of the animal's vicious propensity. The source or character of the knowledge or notice deemed requisite that case does not attempt to define, because not involved. Nor did it question, indeed it virtually concedes, the sufficiency of constructive notice. The facts being dissimilar, the cases are controlled by different principles. Other questions discussed by counsel need not now be considered.

For the reasons stated, we remand the case for new trial.

*Reversed, verdict set aside, and new trial ordered.*