JILL ANN MILLER, BY HER GUARDIAN AD LITEM FRANK J. YEAGER
v. ROBERT SNIPES AND WIFE, ANN SNIPES

No. 7121SC517

(Filed 15 September 1971)

1. Animals § 2— injury inflicted by domestic animal — liability of owner — elements of proof

To recover for injuries inflicted by a domestic animal, a plaintiff must allege and prove: (1) that the animal was dangerous, vicious, mischievous, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character, and habits.

2. Animals § 2— injury inflicted by pony — six-year-old plaintiff — summary judgment

In an action to recover for personal injuries sustained by a six-year-old plaintiff who was kicked in the face by defendants' pony, the trial court erred in entering summary judgment for the defendants, where the plaintiff presented affidavits tending to show that the pony was not well trained or broken; that it was frisky and unpredictable; that it had bitten people; that on several occasions it had broken through its pasture fence in order to get to mares; that the pony had thrown several riders; and that although the defendants knew or should have known of the pony's misbehavior they permitted the plaintiff, who was unfamiliar with ponies, to follow at the heels of the pony.

3. Rules of Civil Procedure § 56— summary judgment — scrutiny of movant's supporting papers

In ruling on a motion for summary judgment, the papers supporting the movant's position are to be closely scrutinized, while the opposing papers are to be indulgently treated.

**4. Rules of Civil Procedure § 56— summary judgment — burden of proof**

The party moving for summary judgment has the burden of positively and clearly showing that there is no genuine issue as to any material fact.

**5. Animals § 2— injury inflicted by domestic animal — gravamen of the action for damages**

The gravamen of an action to recover for injuries inflicted by a domestic animal is not negligence but is the wrongful keeping of an animal with knowledge of its viciousness; the standard of a reasonable person must be applied in this action.

**6. Rules of Civil Procedure § 56— summary judgment — cautious observance of its requirements**

Summary judgment is a drastic remedy, and there must be a cautious observance of its requirements in order that no person might be deprived of a trial on a genuine disputed factual issue.

APPEAL by plaintiff from *Lupton, Judge,* 3 May 1971 Session of Superior Court held in FORSYTH County.

This civil action is to recover for personal injuries sustained by minor plaintiff, a six-year old child, when she was kicked in the face by defendant's pony. The incident occurred 26 October 1968 while the minor plaintiff and others were following the pony as it was being led by one of the defendants to defendants' yard where the children were to ride.

Summary judgment was entered for defendants and plaintiff appealed.

*Nelson and Clayton by George E. Clayton, Jr., for plaintiff appellant.*

*Deal, Hutchins & Minor by William Kearns Davis for defendant appellees.*

GRAHAM, Judge.

[1] To recover for injuries inflicted by a domestic animal, a plaintiff must allege and prove: (1) That the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the owner or keeper knew or should have known of the animal's vicious propensity, character, and habits. *Swain v. Tillett,* 269 N.C. 46, 152 S.E. 2d 297; *Sellers v. Morris,* 233 N.C. 560, 64 S.E. 2d 662; *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1.

In support of their motion for summary judgment defendants offered evidence tending to show that before the incident complained of they considered the pony gentle in nature. He appeared nervous only when children would make loud noises around him. Defendants had never known the pony to kick, buck, rear up when being ridden, or throw anyone. The only complaint received from neighborhood children who rode the pony from time to time was with respect to "nuzzling," which Mr. Snipes described as "[m]ore or less of a pinch, I would say; never breaking the skin or bruising that I know of." On three occasions before the pony was gelded he broke through the fence and went to a mare in an adjoining pasture. After he was gelded, more than a year before the incident complained of, the pony did not break through the fence. There were occasions when the pony was difficult to harness and when it would not respond to commands. The pony had been ridden by defendants' eleven-year old son, and occasionally by their seven-year old son without incident. Defendants had thought it better to bring the pony from its pasture to the yard before permitting the children to ride, because the minor plaintiff and her mother had never "worked around a pony or had a pony."

[2]  Plaintiff presented affidavits tending to show that the pony was not well trained or broken; that it was frisky and unpredictable; that it had been known to bite others; that on several occasions it had broken through its pasture fence in order to get to mares; and that on several occasions, the pony had thrown its rider.

[3, 4]  The affidavits offered by plaintiff leave much to be desired with respect to clarity and specificity. However, in ruling on a motion for summary judgment, the papers supporting the movant's position are to be closely scrutinized, while the opposing papers are to be indulgently treated. *Underwater Storage, Inc. v. United States Rubber Co.,* 371 F. 2d 950 (D.C. Cir. 1966) ; 6 Moore's Federal Practice, § 56.15(3). Also, the party moving for summary judgment has the burden of positively and clearly showing that there is no genuine issue as to any material fact and any doubt as to whether such an issue exists must be resolved in the favor of the party opposing the motion. *National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F. 2d 647 (5th Cir. 1962). "A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right

is reviewable. . . . " *Doehler Metal Furniture Co., Inc. v. United States,* 149 F. 2d 130 (2d Cir. 1945).

[2]　In light of plaintiff's showing that she is prepared to offer evidence that the pony had bitten people, thrown riders, broken through its pasture fence several times; and that it was unpredictable and not well trained, we are unable to conclude beyond doubt that no question exists as to whether the animal was in fact dangerous or mischievous as those terms are used in the law governing the ownership or keeping of domestic animals. Nor do we think that it has been sufficiently shown that no question exists as to whether defendants had knowledge of the animal's propensities. It is true that defendants deny any knowledge that the pony engaged in the acts described in plaintiff's affidavits. Also, there is no evidence to show that defendants were ever told of these acts or that they were present when any of the acts occurred. However, it is not mandatory that a plaintiff present evidence that the owner or keeper of a domestic animal had actual knowledge of the animal's vicious propensities. It is sufficient if it is shown that the owner *should have known* of such propensities. *Swain v. Tillett, supra.*

In applying a doctrine with respect to domestic animals similar to the doctrine prevailing in North Carolina, the West Virginia Supreme Court stated:

> "While the doctrine . . . is that notice or knowledge of the vicious propensities of an animal is an essential prerequisite in order to charge the owner, yet the true doctrine is that knowledge need not necessarily be actual, in the ordinary acceptation of the term. Either constructive or imputed notice is sufficient. If in the exercise of reasonable diligence and common prudence the owner ought to have known an animal owned or kept by him was dangerously inclined and likely would, if unrestrained, inflict injury upon the person or property of another, he is chargeable as if he had actual, direct, and positive notice of acts of viciousness committed by it." *Butts v. Houston,* 76 W.Va. 604, 86 S.E. 473.

If the plaintiff here can show at the trial that the pony repeatedly engaged in acts tending to indicate that if unrestrained it would likely inflict injuries on others, the jury might infer that defendants had reason to know that the pony

possessed these dangerous propensities. Defendants had owned and kept the pony for more than two years. They, and their family, had obviously had more contact with the pony than anyone else. Who would have been in a better position than defendants to know of their animal's general nature and propensities? See *Humes v. Salerno,* 351 S.W. 2d 749 (Mo. 1961).

[5]  It should be noted that summary judgment is not usually feasible in negligence cases where the standard of the prudent man must be applied. *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147. The gravamen of an action of this sort is not negligence but the wrongful keeping of an animal with knowledge of its viciousness. *Swain v. Tillett, supra.* Nevertheless, the application of standards relating to viciousness and scienter are just as subjective and as difficult to determine as a matter of law as is the standard of the prudent man. Moreover, although this type of action may not technically be classed as a negligence action, the standard of a reasonable person must still be applied. This is illustrated by the following statement which we find in the case of *Sink v. Moore,* 267 N.C. 344, 350, 148 S.E. 2d 265, 270:

> "The test of the liability of the owner of the dog is, therefore, not the motive of the dog but whether the owner should know from the dog's past conduct that he is likely, if not restrained, to do an act from which a reasonable person, in the position of the owner, could foresee that an injury to the person or property of another would be likely to result. That is, the liability of the owner depends upon his negligence in failing to confine or restrain the dog. The size, nature and habits of the dog, known to the owner, are all circumstances to be taken into account in determining whether the owner was negligent."

This same test is applicable with respect to defendants' liability here. The evidence presented at the summary judgment stage tends to show that the male defendant permitted the six-year old minor plaintiff, whom he knew to be unfamiliar with ponies, to follow at the heels of a pony which plaintiff is prepared to show was not well trained or broken and was unpredictable. If defendants should have known from the pony's past conduct that it was likely, if not restrained, to engage in an act from which a reasonable person, in their position, could foresee that an injury would be likely to result, it was their

---

**Miller v. Snipes**

---

duty to restrain the pony in a manner sufficient to preclude such an occurrence.

Defendants call attention to the case of *Patterson v. Reid, supra.* In that case defendants presented evidence in support of their motion for summary judgment which clearly showed that they were neither the owners nor the keepers of the horse involved at the time it allegedly injured plaintiff. Plaintiff was unable to present any affidavits or other evidence tending to show the contrary. This Court held that since it had been shown that no genuine issue of fact existed with respect to this essential element of plaintiff's case, defendants' motion for summary judgment should have been allowed. The opinion continued, however, with the following language, which is relied upon by defendants here:

> " . . . furthermore, even if a liberal construction of plaintiff's affidavits show that she can produce some competent evidence from which a jury might permissibly find that the horse here involved was a vicious animal, they completely fail to disclose that she has any competent evidence to show that defendants either knew or had any reasonable cause to know of any such vicious propensities."

The observation quoted above was unnecessary for a decision in the case and may therefore be considered dicta. Furthermore, it was undisputed that defendants' only contact with the horse involved there was that of permitting it to be pastured in their pasture and occasionally furnishing a saddle for riders. Such casual contact with an animal could hardly be compared to that of defendants here who had owned, kept and worked with the pony for a period of more than two years before the incident complained of and consequently could be found to have had constructive knowledge of its propensities.

[6] Summary judgment is a drastic remedy and there must be a cautious observance of its requirements in order that no person might be deprived of a trial on a genuine disputed factual issue. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823. Whether the motion was properly allowed here is a close question. However, we are of the opinion that when the evidence is taken in the light most favorable to the plaintiff, it cannot be said that the essential questions raised by the pleadings have

been laid to rest and are now beyond dispute. We therefore hold that summary judgment was improperly entered.

Reversed.

Judges BROCK and VAUGHN concur.