LIBERTY LOAN CORPORATION OF NORTH CHARLOTTE v. DONALD E. MILLER AND WIFE, BEVERLY MILLER

No. 7226DC352

(Filed 23 August 1972)

Bills and Notes § 18— action on note — authenticity of signature — genuine issue of fact

In an action to recover on a promissory note, the pleadings of the parties and affidavit of femme defendant show that there is a genuine issue of fact as to whether femme defendant's signature on the note was authentic or forged.

APPEAL by plaintiff from *Stukes, Judge,* 24 January 1972 Session of District Court held in MECKLENBURG County.

Plaintiff commenced this civil action on 18 March 1971 by filing a verified complaint alleging in substance that defendants executed and delivered to plaintiff a promissory note and chattel mortgage for $744.76 on or about 17 May 1967; that plaintiff has made demand for payment of $666.86 which remains due and owing from the time of default on 9 February 1970; and that defendants have failed and refused to pay the sum due. Plaintiff prays for judgment against defendants for said sum which remains due and owing. Defendant, Beverly Miller, filed answer first alleging that the complaint failed to

state a claim upon which relief could be granted and then denying all the material allegations of the complaint. On 27 October 1971, pursuant to G.S. 1A-1, Rule 56, defendant, Beverly Miller, filed a motion for summary judgment in her favor on the ground that "the document upon which this action is predicated was not signed by this defendant and that any purported writing on the document which is alleged to be her signature is false and forged." The motion was supported by an affidavit of defendant stating that the signatures on the note and the chattel mortgage were not hers, and that she neither signed them nor gave anyone else authority to sign her name. The plaintiff did not respond to the motion for summary judgment by opposing affidavits.

A hearing on the motion was held on 24 January 1972 where in counsel for both plaintiff and defendant, Beverly Miller, appeared. Following the conclusion of the hearing, the trial court found as a fact that no genuine issue of material fact existed as to the signature of defendant, Beverly Miller, and concluded as a matter of law that no genuine issue of material fact existed in the action. From judgment entered allowing defendant's motion for summary judgment and dismissing its claim, plaintiff gave notice of appeal.

*James L. Roberts for plaintiff appellant.*

*Carpenter, Golding, Crews and Meekins, by James R. Carpenter, for defendant appellee.* ·

MORRIS, Judge.

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. . . . " G.S. 1A-1, Rule 56(c).

The party moving for summary judgment has the burden of clearly showing there is no genuine issue of material fact, and in ruling on his motion, the moving party's papers are carefully scrutinized while those of the opposing party are to be indulgently treated. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972); *Miller v. Snipes,* 12 N.C. App. 342, 183

S.E. 2d 270 (1971), cert. denied 279 N.C. 619 (1971). In the case at bar, defendant's affidavit in support of her motion for summary judgment merely reiterates the allegations in her answer denying the execution of the note. Although plaintiff did not respond to the motion for summary judgment by affidavit, its verified complaint, when viewed in the light most favorable to plaintiff, shows a triable issue does exist. *Brevard v. Barkley,* 12 N.C. App. 665, 184 S.E. 2d 370 (1971). We hold that the pleadings and affidavit clearly show the existence of a genuine issue of material fact, that defendant was not entitled to judgment as a matter of law, and that summary judgment was improperly entered.

Reversed.

Judges BROCK and HEDRICK concur.