MRS. BONITA WALL v. MRS. CHARLES Z. FLACK, SR.

No. 7229SC48

(Filed 23 August 1972)

Limitation of Actions § 18— date of accident — genuine issue of fact

In an action to recover for personal injuries received in an automobile accident, the pleadings of the parties and affidavits presented by defendant show that there is a genuine issue of fact as to when the accident occurred and whether it is barred by the statute of limitations.

APPEAL by plaintiff from *Ervin, Judge,* 15 September 1971 Session, Superior Court, RUTHERFORD County.

Plaintiff instituted this action by filing a complaint on 20 October 1970 seeking to recover damages for personal injury allegedly sustained on 4 November 1967 when her car was hit by defendant's car in a parking lot. Plaintiff alleged that defendant was negligent in that she failed to keep a proper lookout and failed to keep her automobile under proper control. Defendant answered, denying the material allegations of the complaint and affirmatively pleading the statute of limitations by asserting the accident occurred on 4 October 1967. On 15 January 1971, defendant moved for summary judgment on the ground that the action was filed more than three years from the

date of the accident and submitted the affidavits of E. S. Ducker, claims manager of Iowa National Mutual Insurance Company and Charles Z. Flack, agent of the insurance company, in support of her motion. Charles Z. Flack stated in his affidavit that the accident was reported to him on 4 October 1967 and that he in turn notified Iowa National Mutual Insurance Company by letter dated 7 October 1967. Mr. Flack stated that two estimates of damages to plaintiff's car were also turned into his office on 4 October 1967. Copies of his letter and the two estimates were attached to his affidavit. The affidavit of E. S. Ducker stated that the Iowa National Mutual Insurance Company received Mr. Flack's letter dated 7 October 1967 on 9 October 1967 and that their records show the accident occurred on 4 October 1967. The plaintiff did not respond to the motion for summary judgment with opposing affidavits.

On 15 September 1971, the trial judge granted defendant's motion for summary judgment and from entry of the judgment for defendant, plaintiff appealed.

*Hamrick and Hamrick, by J. Nat Hamrick, for plaintiff appellant.*

*Hamrick and Bowen, by Fred D. Hamrick, Jr., for defendant appellee.*

MORRIS, Judge.

The sole question presented by this appeal is whether the record discloses that the plaintiff's claim is barred by the running of the statute of limitations. G.S. 1-52(5). If so, defendant was entitled to judgment as a matter of law and summary judgment pursuant to G.S. 1A-1, Rule 56, was appropriate. *Brantley v. Dunstan,* 10 N.C. App. 706, 179 S.E. 2d 878 (1971).

> " 'The party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded.' (Citations omitted.)" *Singleton v. Stewart,* 280 N.C. 460, 465, 186 S.E. 2d 400 (1972).

The affidavits supporting defendant's motion for summary judgment merely reiterate the allegation contained in her an-

swer as to when the accident occurred, and viewing the record in the light most favorable to plaintiff, clearly show the existence of a triable issue of material fact. *Loan Corp. v. Miller,* 15 N.C. App. 745, 190 S.E. 2d 672 (1972). To resolve the issue of when this accident occurred would have required a "trial by affidavits" at hearing on the motion for summary judgment which is clearly impermissible. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970).

The entry of summary judgment dismissing plaintiff's action constituted error.

Reversed.

Judges BROCK and HEDRICK concur.