W. W. CARSON, T/A CARSON GAS COMPANY v. PHILLIP D. SUTTON AND CONNIE J. SUTTON

No. 773SC218

(Filed 4 April 1978)

1. **Rules of Civil Procedure § 56— motion for summary judgment—affidavits not inherently suspect**

   Affidavits filed by plaintiff in support of his motion for summary judgment were not "inherently suspect," even though the affiants may have been interested in the outcome of the case, where all relevant facts to which the affiants testified in their affidavits were not peculiarly within their own knowledge but were equally available to defendants.

2. **Rules of Civil Procedure § 56; Bills and Notes § 20— action on note—summary judgment**

   In this action to recover on a promissory note, affidavits filed by plaintiff were not merely reiterative of the allegations of the complaint but were sufficient to support plaintiff's motion for summary judgment, and summary judgment was properly entered for plaintiff where defendants did not respond to plaintiff's motion by affidavit but chose to rely on the generalized denials in their answer.

3. **Rules of Civil Procedure § 56— summary judgment—right to trial by jury**

   The summary judgment procedure does not deprive a litigant of the constitutional right to a trial by jury.

APPEAL by defendants from *Ervin, Judge.* Judgment entered 14 January 1977 in Superior Court, PITT County. Heard in Court of Appeals 18 January 1978.

Plaintiff commenced this civil action on 18 October 1976 by filing a complaint alleging that defendants executed and delivered to plaintiff on or about 16 January 1976, a promissory note in the amount of $14,291.89 bearing interest at the rate of 8% per annum beginning 18 December 1976, and that the note was due and payable on or before 15 October 1976. The copy of the note attached to the complaint reveals that presentment, protest and demand, and notice thereof were waived in the note. The complaint further alleged that the total amount of the note and interest thereon were due. Plaintiff prayed judgment in the amount of $14,291.89 plus interest and costs. Defendants answered denying all material allegations of the complaint.

On 29 December 1976, plaintiff filed a motion for summary judgment. The motion was supported by two affidavits. The affidavit of plaintiff contained statements that the defendants had executed the note, that the note was an unconditional promise to pay, that the sum of $14,291.89 was justly due on or before 15 October 1976, that nothing had been paid on the note, that Exhibit "A" attached to the affidavit (which was exactly the same as Exhibit "A" attached to the complaint) was a copy of the note, and that defendants were not entitled to any credits or setoffs. The affidavit of Frances R. Carson stated that she became acquainted with the defendants and their signatures while working for Carson Gas Company, that she had examined the note in question, that the signatures of Phillip D. Sutton and Connie J. Sutton on the note were true and genuine, that she arranged for the execution of the note by defendants, that defendant Connie J. Sutton delivered the note to her for the benefit of Carson Gas Company, and that the note was given for the payment of accounts due and owing Carson Gas Company.

Defendants did not respond to plaintiff's motion by affidavit. Defendants' attorney merely filed a statement that defendants were entitled to a trial under "our Constitutions" since they had denied the material allegations of plaintiff's complaint and that the affidavits filed by plaintiff were merely reiterative of the allegations in plaintiff's complaint. The trial court found that there was no genuine issue as to any material fact, concluded that plaintiff was entitled to judgment as a matter of law, and granted summary judgment. Defendants appealed.

*Everett and Cheatham, by C. W. Everett, Sr., and Edward J. Harper, for plaintiff appellee.*

*Willis A. Talton for defendant appellants.*

MORRIS, Judge.

Defendants contend that the trial court erred in granting plaintiff's motion for summary judgment. In support of their contention, defendants advance the arguments (1) that the supporting affidavits are "merely reiterative" of the allegations in plaintiff's complaint and (2) that the supporting affidavits are "inherently suspect".

Summary judgment may be granted where "the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The party moving for summary judgment has the burden of showing there is no genuine issue of material fact. *Loan Corp. v. Miller*, 15 N.C. App. 745, 190 S.E. 2d 672 (1972). However,

> "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56(e).

*Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976), dealt with circumstances similar to those presently before this Court and held that

> ". . . summary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate." 289 N.C. at 370, 222 S.E. 2d at 410.

This Court is confronted with two appropriate lines of inquiry: (1) Are there only "latent doubts" as to the affiants' credibility? (2) Is summary judgment otherwise appropriate?

Defendants contend that the testimony of the affiants is "inherently suspect" and, therefore, that plaintiff cannot meet the test of *Kidd v. Early* which allows only "latent doubts" as to the affiants' credibility.

[1] In *Kidd v. Early, supra,* the Court stated that

> ". . . the motion should ordinarily be denied even though the opposing party makes no response, if (1) the movant's supporting evidence is self contradictory or circumstantially

suspicious or the credibility of a witness is inherently suspect either because he is interested in the outcome of the case and the facts are peculiarly within his knowledge or because he has testified as to matters of opinion involving a substantial margin for honest error. . . ." 289 N.C. at 366, 222 S.E. 2d at 408.

In the present case, for the affiants' testimony to be found "inherently suspect" the court would have to ascertain not only that the affiants were "interested in the outcome" but also that the affiants were testifying as to facts peculiarly within their own knowledge. Clearly, that situation does not exist in this case because all relevant facts to which the witnesses testified in their affidavits would be equally available to the defendants. The mere fact that the witness is an interested party does *not* render his testimony "inherently suspect". *Taylor v. City of Raleigh*, 290 N.C. 608, 625, 227 S.E. 2d 576, 586 (1976); *Kidd v. Early*, supra. Thus, there are only "latent doubts" as to the affiants' credibility.

Defendants do not seriously contend that they set forth specific facts showing there was a genuine issue of fact. Defendants admittedly have chosen to rely on the generalized denials in their answer.

[2] Defendants, in essence have argued that plaintiff's motion for summary judgment was not "appropriate" because the affidavits do not adequately "support" the motion. Defendants contend that the affidavits of W. W. Carson and Frances R. Carson are "merely reiterative" of the allegations in the complaint and that these affidavits only amount to plaintiff's "yelling a little louder". Thus, defendants conclude that plaintiff did not truly support his motion for summary judgment.

Defendants' argument rests heavily on *Loan Corp. v. Miller, supra. Loan Corp. v. Miller*, however, is clearly distinguishable. In that case, the flaw was not the moving party's failure to "support" her motion. The flaw was that the pleadings and affidavit affirmatively showed that a genuine issue of fact did exist: Was the defendant's signature forged? In the present case, however, just the opposite is true. No real issue of fact has been raised. There is only defendants' generalized denial.

Even assuming that an affidavit which was "merely reiterative" of the pleadings would not support a motion for sum-

mary judgment, summary judgment would still be appropriate in this case. The affidavits did reiterate the execution and delivery of the note and its terms and conditions. The affidavits also set out the reason for the execution of the note, certain circumstances surrounding the execution, the genuineness of the signatures, and the absence of any setoffs. Thus, in this case, the affidavits were not merely reiterative; they filled in numerous gaps left by the complaint.

Thus, plaintiff met the requirements of *Kidd v. Early* for obtaining a summary judgment. Indeed, a more appropriate case for applying *Kidd v. Early* is difficult to imagine. Where, as in this case, a party has shown that he is entitled to relief and the opposing party offers not even the slightest suggestion of a genuine issue of fact, the motion for summary judgment should be granted.

[3]  Finally, defendants have leveled a broadside attack on *Kidd v. Early* and the whole summary judgment procedure and have asserted that the procedure so applied amounts to a denial of the right to trial by jury. The same issue was addressed by the Court in *Kidd v. Early*. The Court held specifically that the procedure did not violate either the Constitution of North Carolina or the Constitution of the United States. *Kidd v. Early*, 289 N.C. at 368-70, 222 S.E. 2d at 409 and 410.

Affirmed.

Judges CLARK and MITCHELL concur.