809 F.2d 785
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norman Eric PICKETT, by next friend, Joyce Ann Pickett; and
Joyce Ann Pickett, Appellants,
v.
Thomas E. WELLMAN; Charles Thompson, Appellees,
v.
Geraldine WATTS; Taylor Watts, Third-Party Defendants.
 No. 86-2526.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1986.
Decided Jan. 9, 1987.
 
 Before RUSSELL, HALL and PHILLIPS, Circuit Judges.
 James Allen Colburn, Baer, Colburn & Morris, on brief, for appellants.
 Charles F. Bagley, III, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, on brief, for appellees.
 PER CURIAM:
 
 
 1
 The appellants, Norman Pickett and his mother Joyce Pickett, filed suit against Thomas Wellman and Charles Thompson to recover for injuries sustained by Norman Pickett when he was kicked by Wellman's horse. Upon conclusion of the plaintiffs' evidence, Thompson and Wellman moved for a directed verdict; the motion was granted as to Wellman. The question of Thompson's liability was submitted to the jury which returned a verdict in his favor. On appeal, the Picketts challenge only the directed verdict granted Wellman.
 
 
 2
 The Picketts argue that the district court failed to (1) view the evidence in a manner favorable to them prior to entry of the directed verdict and (2) examined the totality of the circumstances before deciding whether Wellman should have foreseen the possibility of a horse-kicking occurrence.
 
 
 3
 Courts should grant motions for a directed verdict "[w]here there is 'no substantial evidence to support' the verdict asked of the jury." Business Development Corp. v. United States, 428 F.2d 451, 453 (4th Cir.) (quoting Hawkins v. Simms, 137 F.2d 66, 67 (4th Cir.1943)), cert. denied, 400 U.S. 957 (1970). Generally, when a motion for a directed verdict is raised, the evidence must be viewed in a light most favorable to the party against whom the motion is made. See Galloway v. United States, 319 U.S. 372 (1943); McClure v. Price, 300 F.2d 538 (4th Cir.1962). Also, that party must receive the benefit of all reasonable inferences from the evidence. See Krotkoff v. Goucher College, 585 F.2d 675, 677 (4th Cir.1978). Nevertheless, "it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir.), cert. denied, 358 U.S. 908 (1958). The Picketts failed to introduce sufficient evidence from which it may reasonably be inferred that Wellman had knowledge of the dangerous propensities of the horse.
 
 
 4
 The Picketts introduced testimony that Wellman's horse was rambunctious, would run and kick for no apparent reason, and was jealous of another horse in the same field. The district court determined that this evidence was sufficient to establish for the jury a question of the horse's dangerous propensities. However, more is required under West Virginia law; the plaintiffs must impute to the animal's owners or keeps knowledge, actual or implied, of the animal's dangerous propensities. See Butts v. Houston, 76 W.Va. 604, 86 S.E. 473 (1915). The Picketts failed to produce evidence that Wellman had knowledge of the horse's dangerous propensities. They argue lamely that the knowledge of the other defendant, Thompson, should be inferred as to Wellman. The inference which the Picketts ask the court to draw falls within the realm of those too speculative to be left to the jury. See Ford Motor Co., supra, at 266.
 
 
 5
 Accordingly, we affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 6
 AFFIRMED.