VAN REYPEN ASSOCIATES, INC. D/B/A THE GIN MILL, PLAINTIFF v. GERALD EUGENE
TEETER, AND GORDEN LEWIS D/B/A GORDEN'S EXCAVATING SERVICE,
DEFENDANTS

No. COA05-515

(Filed 17 January 2006)

1. **Negligence— summary judgment—affidavit of named
party—facts not peculiarly within knowledge**
    The trial court did not err in a negligence case by granting
summary judgment in favor of defendants on the basis of the affi-
davit of defendant individual, because: (1) even though defendant
was an interested person as a named party to the action, the affi-
davit was not inherently suspect and the facts contained in the
affidavit were not peculiarly within his knowledge; (2) nothing
was presented in opposition to the motion which called into
question defendant's credibility or the facts as they were pre-
sented in his affidavit; and (3) a mere failure to include the affi-
davits of persons with knowledge as to facts of contention does
not make the facts included in a party's affidavit peculiarly within
his knowledge.

VAN REYPEN ASSOCS. v. TEETER

[175 N.C. App. 535 (2006)]

2. **Motor Vehicles— summary judgment—no sworn statements—affidavit giving expert opinion—speed of vehicle at time of accident**

The trial court did not err in a negligence case by concluding that there was no genuine issue of fact raised by the pleadings, discovery, and a professional engineer's affidavit, because: (1) the pleadings and discovery contained no sworn statements, but merely predicted statements of third parties which cannot be relied upon in ruling on a motion for summary judgment; and (2) the engineer's affidavit giving an expert opinion as to the speed of the vehicle at the time of the accident was inadmissible under the current law of this state since one who did not see the vehicle in motion will not be permitted to give an opinion as to its speed.

Appeal by plaintiff from order entered 29 April 2004 by Judge David S. Cayer in Mecklenburg County Superior Court and order entered 4 August 2004 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 November 2005.

*James McElroy & Diehl, P.A., by Charles M. Viser and Preston O. Odom III, for plaintiff appellant.*

*Stiles Byrum & Horne, L.L.P., by D. Lane Matthews, for defendant appellees.*

McCULLOUGH, Judge.

Plaintiffs (Van Reypen Associates, Inc.) appeal from an order granting Mr. Teeter, Gorden Lewis and Gorden's Excavating Service (defendants) motion for summary judgment, dismissing Van Reypen Associates' complaint with prejudice and denying Van Reypen Associates' motion to reconsider. Van Reypen Associates further appeal from an order denying their motions to set aside summary judgment pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure. We affirm.

FACTS

Van Reypen Associates filed an action in superior court alleging negligence against defendants, which resulted in damage to Van Reypen Associates' property. Defendants filed a motion for summary judgment on 8 April 2004 stating that they were not negligent and that their actions were not the proximate cause of any damages suffered by Van Reypen Associates and attached the affidavit of Mr. Teeter. In

opposition to the motion, Van Reypen Associates submitted the affidavit of David Brown (Mr. Brown) and their answers and objections to the first set of interrogatories and requests for production.

The facts which are undisputed in this case are the following: On 16 January 2002 defendant Mr. Teeter was driving a large dump truck owned by defendant Gorden's Excavating on South Tryon Street in Charlotte, North Carolina. At the intersection of South Tryon and Bland Streets, the truck driven by Mr. Teeter collided with a 1995 Nissan which was owned and operated by Laurie Fisher. As a result of the collision, the dump truck struck The Gin Mill, a business owned by Van Reypen Associates at the corner of South Tryon and Bland Streets, and both the truck and the Nissan struck a BMW owned by Van Reypen Associates parked outside of the Gin Mill.

Based on these events, Van Reypen Associates filed suit against Mr. Teeter, Gorden Lewis and Gorden's Excavating Service to recover damages resulting from the alleged negligence causing the collision. Van Reypen Associates alleged the following negligent actions:

(a) he operated the dump truck while transporting a load of material weighing in excess of the limit at which commercial vehicles are authorized to operate on the public thoroughfares of the State of North Carolina;

(b) he failed to keep a reasonably careful and proper lookout in his direction of travel and failed to see that the Nissan was approaching on the roadway in front of him;

(c) he failed to take into account the traffic conditions on South Tryon Street and failed to operate the dump truck in a manner consistent with those traffic conditions;

(d) he failed to operate his vehicle at a speed which was reasonable for the then existing traffic conditions;

(e) he failed to decrease his speed as necessary to avoid colliding with a vehicle on or entering the roadway;

(f) he failed to yield the right-of-way despite the fact that he approached an intersection at a clearly posted "stop light" emitting a steady red light for traffic in his direction of travel;

(g) he entered into the intersection of South Tryon Street and Bland Street without first ascertaining that this movement of his vehicle could be accomplished safely; and

(h) he operated the dump truck in a careless and reckless manner without due regard of the rights and safety of other drivers on and off the roadway, including Plaintiff.

Defendants denied that Mr. Teeter negligently operated the dump truck and alleged the doctrines of sudden emergency, unavoidable accident, and intervening insulating negligence as defenses.

In support of the motion for summary judgment, the affidavit of Mr. Teeter stated that: (1) the speed limit on the road which he was operating the dump truck was 35 miles per hour; (2) he was stopped at the intersection stop light, and when it turned green, he proceeded toward the intersection traveling 25-30 miles per hour; (3) the traffic was not heavy, the signal remained green as he approached the intersection and he was looking in his direction and not distracted at the time; (4) as he entered the intersection, another vehicle entered the intersection quickly, giving him no time to react, so he immediately hit his brakes, jerking his steering wheel to the left almost simultaneously, and the collision between the two cars occurred; (5) the weight of the load in his truck was not over any weight restrictions at the time of the accident; and (6) he made every effort to avoid the accident. In opposition to the motion for summary judgment, Van Reypen Associates relied on the pleadings, discovery materials and the affidavit of Mr. Brown. Mr. Brown, a professional engineer, stated in his affidavit that, after performing forensic mapping and surveys of the damage, based on his professional experience, Mr. Teeter's speed at the time of the collision was "at least forty eight (48) miles per hour" and that the negligence of Mr. Teeter "was the direct cause of the accident." The pleadings and discovery also listed an eyewitness, Wayne Ivey (Mr. Ivey), other potential trial witnesses, photographs of the sustained damage and the police report prepared after the collision. Summary judgment was granted in favor of defendants and the trial court denied Van Reypen Associates' oral motion to reconsider the ruling on 28 April 2004.

Van Reypen Associates subsequently brought a motion to set aside the summary judgment order pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure. Van Reypen Associates alleged newly discovered material evidence as grounds for the motion and attached the materials submitted to the court for the summary judgment motion, along with the affidavits of Charles Viser, attorney for Van Reypen Associates, and Mr. Ivey. The court denied the motion to set aside the order of summary judgment.

Plaintiff now appeals.

## ANALYSIS

### I

[1] Van Reypen Associates contend on appeal that the lower court erred in granting defendants' motion for summary judgment on the sole basis of the affidavit of Mr. Teeter. We disagree.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). A moving party "has the burden of establishing the lack of any triable issue of fact," and its supporting materials are carefully scrutinized, with all inferences resolved against it. *Kidd v. Early*, 289 N.C. 343, 352, 222 S.E.2d 392, 399 (1976).

Standing alone, the fact that a witness has an interest in a case is insufficient to render his supporting affidavit inherently suspect for purposes of summary judgment. *See Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E.2d 576 (1976). In order for the testimony of an interested witness to be inherently suspect, it must concern facts peculiarly within the knowledge of the witness. *See Carson v. Sutton*, 35 N.C. App. 720, 242 S.E.2d 535 (1978). Our Supreme Court has held that summary judgment may be granted for the movant on the basis of his own affidavits:

> (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction . . . ; and (3) when summary judgment is otherwise appropriate.

*Kidd*, 289 N.C. at 370, 222 S.E.2d at 410.

In the instant case, the affidavit of Mr. Teeter was filed in support of the motion for summary judgment. Even though Mr. Teeter was an interested person as a named party to the action, the affidavit was not inherently suspect and the facts contained in the affidavit were not peculiarly within his knowledge. In the pleadings, Van Reypen Associates listed Wayne Ivey as a witness to the accident, and in addition to Mr. Ivey, there was another driver involved in the collision who had knowledge of the facts that existed at the time. The pleadings did contain the proposed testimony of the eyewitness Mr. Ivey that would have contradicted the affidavit of Mr. Teeter; however,

there was no sworn statement from Mr. Ivey, and therefore the statement could not be considered. *See Venture Properties I v. Anderson*, 120 N.C. App. 852, 855, 463 S.E.2d 795, 796 (1995) (While "[c]ertain verified pleadings may be treated as affidavits for the purposes of a motion for summary judgment[,]", an unverified pleading cannot be considered.), *disc. review denied*, 342 N.C. 898, 467 S.E.2d 908 (1996). Moreover, nothing was presented in opposition to the motion which called into question the credibility of Mr. Teeter or the facts as they were presented in his affidavit. A mere failure to include the affidavits of persons with knowledge as to facts of contention does not make the facts included in a party's affidavit peculiarly within his knowledge. Therefore, this assignment of error is overruled.

## II

**[2]** Van Reypen Associates further contend on appeal that there was a genuine issue of fact raised by the pleadings, discovery and Mr. Brown's affidavit, and therefore the motion for summary judgment should have been denied. We disagree.

"Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000), *cert. denied*, 353 N.C. 371, 547 S.E.2d 810, *cert. denied*, 534 U.S. 950, 151 L. Ed. 2d 261 (2001). " 'It is also clear that the opposing party is not entitled to have the motion denied on the mere hope that at trial he will be able to discredit movant's evidence; he must, at the hearing, be able to point out to the court something indicating the existence of a triable issue of material fact.' " *Kidd*, 289 N.C. at 368, 222 S.E.2d at 409. More than allegations are required because anything less would " 'allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.' " *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 708, 582 S.E.2d 343, 345 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520 (2004) (citation omitted).

In the instant case, the pleadings and discovery contained no sworn statements, but merely predicted statements of third parties which cannot be relied upon in ruling on a motion for summary judgment. *See id.* at 709, 582 S.E.2d at 345 (Issues of fact cannot be created by allegations in the complaint inappropriately resting upon the personal knowledge of third parties.). Further, the affidavit of Mr.

Brown giving an expert opinion as to the speed of the vehicle at the time of the accident was inadmissible under the current law of this state. It has long been the rule in North Carolina that "one who did not see a vehicle in motion will not be permitted to give an opinion as to its speed." *Tyndall v. Hines Co.*, 226 N.C. 620, 623, 39 S.E.2d 828, 830 (1946). Our Supreme Court has held:

> As a general rule, a witness must confine his evidence to the facts. In certain cases, however, an observer may testify as to the results of his observations and give a shorthand statement in the form of an opinion as to what he saw. For example, he may observe the movement of an automobile and give an opinion as to its speed in terms of miles per hour. However, one who does not see a vehicle in motion is not permitted to give an opinion as to its speed. A witness who investigates but does not see a wreck may describe to the jury the signs, marks, and conditions he found at the scene, including damage to the vehicle involved. From these however, he cannot give an opinion as to its speed. The jury is just as well qualified as the witness to determine what inferences the facts will permit or require.

*Shaw v. Sylvester*, 253 N.C. 176, 180, 116 S.E.2d 351, 355 (1960).

The rule prohibiting an expert from expressing an opinion on the speed of a vehicle if he or she did not actually see the vehicle was established prior to the adoption of the modern rules of evidence. Rules 702 through 705 of the North Carolina Rules of Evidence specifically anticipate testimony of the nature excluded by cases such as *Shaw*, 253 N.C. 176, 116 S.E.2d 351. North Carolina's leading commentators regarding the law of evidence have repeatedly urged North Carolina's appellate courts to eliminate the limitation on accident reconstruction expert testimony: "The original author of this text cogently argued that the rule limiting testimony in this regard should apply only to lay witnesses, and not to experts. Dean Brandis agreed. This author strongly agrees with both of his predecessors, particularly in light of the language of N.C.R. Evid. 702, which allows opinion evidence of a qualified expert that will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" 2 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence*, § 183, at 37 n.166 (6th ed. 2004) (citation omitted). The unanimous view of three generations of eminent commentators suggests, at the least, that the Supreme Court should now review the question and determine whether our existing case law is consistent with modern principles and technological advancements.

The use of accident reconstruction experts is commonplace and, indeed, critical in both criminal and civil cases. There is no meaningful distinction between (1) what a competent accident reconstruction expert does in determining after-the-fact how a motor vehicle accident occurred, and (2) what a forensic pathologist or crime scene investigator does in determining after-the-fact how a person was killed. Admission of the second type of testimony is, however, routine, even while our trial courts are forced to exclude accident reconstruction testimony regarding speed.

There may well come a day—if it has not occurred already—when justice cannot be served because no eyewitness is available to testify that a defendant, either in a criminal or civil case, was or was not speeding. It is time for this state to set aside a rule that no longer can be justified. Any concerns about reliability of given testimony may effectively be addressed when determining the competency of the witness and through cross-examination.

While this Court recognizes that *Shaw* is a minority view, what some may even call archaic, until the Supreme Court of North Carolina decides to abandon this rule, we are bound by it. Therefore, this assignment of error is overruled.

Accordingly, the trial court properly granted the motion for summary judgment where no admissible materials were produced to show that there was a genuine issue of material fact.

Affirmed.

Judges HUNTER and GEER concur.