NANCY L. CAMPBELL v. BOARD OF EDUCATION OF THE CATAWBA COUNTY SCHOOL ADMINISTRATIVE UNIT, AND DOTTIE TRIPLETT

No. 8525SC44

(Filed 3 September 1985)

1. **Schools § 13.1— temporary teacher—failure to hire for permanent position—no violation of statute**

    The General Assembly did not intend that the "temporary personnel" authorized by G.S. 115C-295 be included within the term "probationary teacher" contained in G.S. 115C-325(a)(5). Thus, where plaintiff alleged and the forecast of evidence showed that she was hired as a "temporary teacher" for a term which ended on a specified date, she was not a probationary teacher and a board of education's failure to employ her for a permanent position was not a violation of G.S. 115C-325(m)(2).

2. **Contracts § 34— tortious interference with freedom of contract—insufficient forecast of evidence**

    Summary judgment was properly entered for defendant on plaintiff's claim that defendant tortiously interfered with plaintiff's freedom of contract by influencing the hiring process for a school music teacher position to plaintiff's detriment where defendant submitted affidavits averring that defendant was not consulted prior to the hiring decision, that defendant played no role in the hiring or interview process for the music teacher vacancy, and that any friction between plaintiff and defendant had no relation to the decision not to hire plaintiff, and where plaintiff's affidavit merely restated the conclusory allegations of the complaint, and plaintiff submitted no forecast of evidence

showing that defendant was involved in the hiring decision or that such involvement constituted tortious interference.

APPEAL by plaintiff from *Sitton, Judge.* Judgment entered 14 November 1984 in Superior Court, CATAWBA County. Heard in the Court of Appeals 27 August 1985.

Plaintiff was employed as an interim music teacher in the Catawba County school system. She was serving as a replacement for Deborah Jordan, who had taken a maternity leave. Plaintiff's contract ran from 22 August 1983 until 20 December 1983. On 5 December 1983 Jordan resigned, creating a vacancy. Plaintiff applied but was not hired for the position.

Plaintiff alleges that defendant Board of Education (Board) violated G.S. 115C-325(m)(2) in that she was not rehired for arbitrary, capricious and personal reasons. She also alleges tortious interference with her freedom of contract by defendant Triplett (Triplett).

Defendants' motion for summary judgment was granted. Plaintiff appeals.

*Thomas, Gaither, Gorham & Crone, by James M. Gaither, Jr., for plaintiff appellant.*

*Williams & Pannell, by Richard A. Williams, Jr., for defendant appellees.*

WHICHARD, Judge.

Plaintiff contends the court erred in granting defendants' motion for summary judgment. We disagree.

"The purpose of summary judgment [is] to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue." *Kessing v. Mortgage Corp.,* 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971); *see also Lee v. Shor,* 10 N.C. App. 231, 233, 178 S.E. 2d 101, 103 (1970). The court is not authorized to decide an issue of fact but to determine if such an issue exists. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 470, 251 S.E. 2d 419, 422 (1979). The party moving for summary judgment has the burden of proving that no genuine issue of material fact exists.

*Lowe v. Bradford,* 305 N.C. 366, 369-70, 289 S.E. 2d 363, 366 (1982). Once the moving party has submitted materials in support of the motion, however, the burden shifts to the opposing party to produce evidence establishing that the motion should not be granted. *Id.* at 370, 289 S.E. 2d at 366.

Here defendants presented the following evidence in support of their motion:

Plaintiff was hired only as an interim teacher for the first semester. Her application for the position in question was considered and appropriate procedures were followed in making the selection.

Affidavits from the principals of the schools where plaintiff taught stated that Triplett was not consulted prior to the hiring decision and that any difficulties between plaintiff and Triplett had no bearing on their decision. Members of the Board submitted affidavits which stated that any strained relation between plaintiff and Triplett did not affect their hiring decision.

Plaintiff, on the other hand, claimed that on 16 November 1983 she was informed by Triplett that plaintiff was to attend a music convention in Winston-Salem on 20 November 1983. Plaintiff states that she informed Triplett that she would be unable to attend and that Triplett responded by telling plaintiff that non-attendance would be unfavorably regarded should plaintiff seek permanent employment.

Plaintiff claimed further that she had received no criticism of her performance during her contract period and that she was encouraged to apply for the vacant position by the principals of the respective schools. Plaintiff's complaint states that her refusal to attend the convention led Triplett to influence the hiring process to plaintiff's detriment.

[1] Plaintiff contends that the decision not to hire her is a violation of G.S. 115C-325(m)(2). That statute governs the failure to renew contracts of probationary teachers and specifies that such nonrenewal may not be for arbitrary, capricious or personal reasons. Defendants contend that plaintiff was not a probationary teacher but an interim teacher hired to fill a temporary vacancy.

G.S. 115C-325 does not define the status of interim or other temporary teachers. It is, however, a matter of common knowl-

edge that such personnel are employed routinely by local school boards. G.S 115C-295 authorizes employment of "temporary personnel" provided they meet certain criteria. Such positions generally are not considered a part of the career teacher ladder that leads to permanent employment and tenure, however. *See generally* Gatti & Gatti, *The Teacher and the Law* at 116 (1972). We thus do not believe the General Assembly intended that the "temporary personnel" authorized by G.S. 115C-295 be included within the definition of "probationary teacher" contained in G.S. 115C-325(a)(5).

Plaintiff alleges and the forecast of evidence shows that she was hired as a "temporary teacher" for a term which ended 20 December 1983. Given our interpretation of legislative intent, she therefore was not a probationary teacher and the Board's failure to employ her for the permanent position was not a violation of G.S. 115C-325(m)(2). The Board's forecast of evidence established the fact of plaintiff's temporary status. Plaintiff offered no forecast of evidence which placed this fact in dispute. Summary judgment for the Board on plaintiff's claim for violation of G.S. 115C-325(m)(2) thus was proper.

[2] In support of their motion for summary judgment on plaintiff's claim that Triplett tortiously interfered with plaintiff's freedom of contract by influencing the hiring process to her detriment, defendant submitted affidavits averring that Triplett was not consulted prior to the hiring decision, that Triplett played no role in the hiring or interview process for this vacancy, and that any friction between plaintiff and Triplett had no relation to the decision not to hire plaintiff. Plaintiff submitted in response: (1) a letter from a former interim teacher who allegedly had experienced problems with Triplett; (2) affidavits from parents supportive of plaintiff's performance; (3) plaintiff's employment form; and (4) a sworn affidavit from plaintiff basically restating the allegations of her complaint. With the exception of plaintiff's affidavit, none of the above bear any relation to whether Triplett influenced the hiring procedure for the vacancy. Plaintiff's affidavit merely restating the allegations of the complaint consists of conclusory allegations, unsupported by facts. It thus does not suffice to defeat a motion for summary judgment. *Lowe* at 370, 289 S.E. 2d at 366.

"[W]hen the moving party presents an adequately supported motion, the opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment." *Conner Co. v. Spanish Inns*, 294 N.C. 661, 675, 242 S.E. 2d 785, 793 (1978). Plaintiff has submitted no forecast of evidence showing that Triplett was involved in the hiring decision in any way, much less that such involvement constituted tortious interference. Summary judgment for Triplett on plaintiff's claim for tortious interference with her freedom of contract thus was proper.

Affirmed.

Judges WELLS and PHILLIPS concur.