LEXINGTON TELEPHONE COMPANY, INC., Plaintiff v. DAVIDSON WATER, INC., Defendant

No. COA94-1402

(Filed 2 April 1996)

**Utilities § 2 (NCI4th)— marking of utility lines after business hours—plaintiff not entitled to compensation**

The trial court properly determined pursuant to the Underground Damage Prevention Act, N.C.G.S. § 87-100 *et seq.*, that plaintiff telephone utility could not charge defendant water utility for marking its underground cable lines for defendant after business hours where defendant requested the location of plaintiff's lines in order to make emergency excavations to assure the continuity of utility services. N.C.G.S. § 87-106.

**Am Jur 2d, Public Utilities § 9.**

**Liability of one excavating in highway for injury to public utility cables, conduits, or the like. 73 ALR3d 987.**

Appeal by plaintiff from judgment entered 25 October 1994 by Judge Samuel A. Cathey in Davidson County District Court. Heard in the Court of Appeals 22 August 1995.

*Stoner, Bowers & Gray, P.A., by Bob W. Bowers, for plaintiff appellant.*

*Hedrick Harp & Michael, by Robert C. Hedrick; and Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from judgment denying recovery in *quantum meruit*. Plaintiff (a telephone utility) located its underground cable lines for defendant (a water utility), after normal business hours, over a period of ·approximately fourteen months. Defendant then refused to pay for the after-hours cable locations, claiming it was under no obligation to make such payment pursuant to the Underground Damage Prevention Act ("Act" or "Chapter 87"), N.C. Gen. Stat. § 87-100 to § 87-114 (1994). Plaintiff argued it was due compensation for marking its cable. The trial court, sitting without a jury, concluded that the Act prevents plaintiff from charging defendant for locating its underground cables when the location of such lines is necessary to assure the excavating utility's maintenance of service to customers. We affirm.

Plaintiff, Lexington Telephone Company, Inc., is a public telecommunications utility. Defendant, Davidson Water, Inc., provides water to customers in Davidson County, North Carolina, through underground pipelines. Plaintiff's underground cables and defendant's underground pipes are often in close proximity to one another. Several times between 10 July 1992 and 17 September 1993, after "normal working hours," defendant alerted plaintiff that it needed to perform emergency excavations on its underground pipes. Prior to each excavation, defendant requested that plaintiff locate and mark the positions of its underground cables. Locating and marking cable is done in this manner to avoid accidental damage during excavations.

Plaintiff did in fact mark its cables in response to defendant's requests during the period in question. Because performance of the cable locations occurred outside of normal working hours, plaintiff paid its employees additional compensation. In response to the after-hours requests, plaintiff billed the defendant $5,206.00 for services rendered. (During normal business hours, plaintiff did not attempt to charge defendant for finding its cable.) Defendant refused to pay for the after-hours cable locations. In response, plaintiff filed this action in *quantum meruit*, seeking payment for marking the cable. Plaintiff maintains the after-hours service was compensable, with costs recoverable in *quantum meruit*. We disagree.

An action in *quantum meruit* is based upon the equitable principle that a person should not be enriched unjustly at the expense of another. *Atlantic C.L.R. Co. v. State Highway Comm.*, 268 N.C. 92,

96, 150 S.E.2d 70, 73 (1966). However, *quantum meruit* will not lie if services are rendered pursuant to a preexisting statutory obligation. *Id.* The polestar of plaintiff's argument is that the Underground Damage Prevention Act's cable location provisions do not apply here. We find plaintiff's premise is flawed, for by the plain language of the Act, Chapter 87 does apply to the instant situation.

The Act addresses logistical problems which arise when excavation is necessary in the vicinity of a utility company's underground cable lines. Utility companies normally lay their individual cables in substantially the same location as those of other utility companies. For a utility to undertake excavations, it must know the position of other cables or lines in an area. The Act outlines the framework that should be followed prior to excavating in an area where underground utility lines are present. Generally, a person planning to excavate near underground utility lines must provide at least two days' notice to the utility. N.C. Gen. Stat. § 87-102 (1994). Once notified, the onus is on the utility company to locate and describe all of its lines to the excavating party. N.C. Gen. Stat. § 87-107 (1994). Failure to identify proprietary cable lines, after a proper request by the excavating party, absolves an excavator from liability for damage to the notified utility's line. N.C. Gen. Stat. § 87-108 (1994).

Two days' notice is not always required. The section entitled "Exceptions" specifically exempts from a strict notice requirement emergency excavations done to "assure the continuity of utility services." N.C. Gen. Stat. § 87-106(4) (1994). In such an emergency situation, notice must be given "as soon as is reasonably possible." *Id.* Plaintiff's own evidence indicates defendant's requests for underground cable location were made in response to emergency situations. Emergency situations are directly addressed by § 87-106, entitled "Exceptions." The trial court did not find defendant's notice unreasonable. It merely recognized that defendant's requests were "made at a time other than plaintiff's normal business hours." The Act delineates no such "normal business hour" requirement. In its judgment, the trial court found and concluded that "the defendant [had] notified the plaintiff, in accordance with N.C.G.S. 87-106 . . . ."

It is well established that " '[w]here the trial judge sits as the trier of facts, his findings of fact are conclusive on appeal when supported by competent evidence.' " *Institution Food House v. Circus Hall of Cream,* 107 N.C. App. 552, 556, 421 S.E.2d 370, 372 (1992) (quoting *General Specialties Co. v. Teer Co.,* 41 N.C. App. 273, 275, 254 S.E.2d

LEXINGTON TELEPHONE CO. v. DAVIDSON WATER, INC.

[122 N.C. App. 177 (1996)]

658, 660 (1979)). Our review of the record in this case indicates that ample evidence exists to support the trial court's finding of fact on the notice issue.

The remaining question is whether the trial court correctly determined, as a conclusion of law, that a properly notified utility may not assess a fee for locating proprietary lines for an excavating party. In reviewing the decision of a trial court sitting without a jury, we must determine " 'whether there was competent evidence to support its findings of fact and whether its conclusions of law were proper in light of such facts.' " *Chemical Realty Corp. v. Home Fed'l Savings & Loan,* 84 N.C. App. 27, 37, 351 S.E.2d 786, 792 (1987) (quoting *In re Norris,* 65 N.C. App. 269, 310 S.E.2d 25 (1983), *disc. review denied,* 310 N.C. 744, 315 S.E.2d 703 (1984)).

We hold the trial court correctly concluded that the issues involved here are resolvable by the Act. "In matters of statutory construction, the task of the courts is to ensure that the purpose of the Legislature, the legislative intent, is accomplished. The best indicia of that legislative purpose are the language of the act and what the act seeks to accomplish." *Wagoner v. Hiatt,* 111 N.C. App. 448, 450, 432 S.E.2d 417, 418 (1993). "A court should always construe the provisions of a statute in a manner which will tend to prevent it from being circumvented. If the rule were otherwise, the ills which prompted the statute's passage would not be redressed." *Campbell v. First Baptist Church of Durham,* 298 N.C. 476, 484, 259 S.E.2d 558, 564 (1979) (citation omitted). The essence of Chapter 87 is captured by its short title, the "Underground Damage Prevention Act." On its face, this title suggests that the Legislature intended the Act to serve as a mechanism for the orderly preservation of utility services to customers.

Our analysis of the Act and review of the record supports the trial court's conclusion of law that plaintiff is not entitled to a fee for utility line location. Section 87-107 of the Act, titled "Duties of the utility owners," states that a notified utility "*shall,* before the proposed start of excavating," provide the requested cable location information to the excavating party. (Emphasis added.) "Shall" is an obligatory term. Allowing the locating party to charge the excavator would frustrate the plain intent of the Act.

So long as the excavating party provides notice in conformance with Chapter 87, the Act prohibits the locating utility from charging the party making the request. We therefore hold that the trial court's

legal conclusions regarding the Act were properly based upon, and consistent with, its findings of fact. The trial court's judgment is

Affirmed.

Judges WALKER and McGEE concur.