DEBORAH RAINEY, Plaintiff v. ST. LAWRENCE HOMES, INC., BRAXTON DEVELOP-
MENT COMPANY, L.L.C., M.T. MURPHY CONSTRUCTION CO., INC., and PENNY
SEKADLO d/b/a PENNY ENGINEERING DESIGN, Defendants

No. COA04-1571

(Filed 15 November 2005)

**1. Nuisance; Trespass— run-off from new development—sum-
mary judgment**

    Summary judgment was correctly granted for two defend-
ants, but not the third, on nuisance and trespass claims arising
from water running onto plaintiff's property from a new subdivi-
sion. Plaintiff's forecast of evidence was that St. Lawrence's
development contributed to the unreasonable increase in the
volume of water and that plaintiff's property was damaged by
the increased run-off. No such evidence was presented as to the
other defendants.

**2. Negligence— professional—prima facie—evidence not
sufficient**

    Plaintiff's forecast of evidence failed to establish any of the
essential elements of prima facie professional negligence by
defendant engineer in a case which arose from increased run-off
from developing a subdivision.

Appeal by plaintiff from orders entered 20 August 2004 by Judge
Narley L. Cashwell in Wake County Superior Court. Heard in the
Court of Appeals 16 June 2005.

*Michael Levine, for plaintiff.*

*Bailey & Dixon, L.L.P., by David S. Coats and David S. Wisz,
for defendant St. Lawrence Homes, Inc.*

*George B. Currin, for defendant Braxton Development
Company.*

*Maupin Taylor, P.A., by John I. Mabe and Matthew F. Fussa, for defendants M.T. Murphy Construction Co., Inc. and Penny Sekadlo, d/b/a Penny Engineering Design.*

HUDSON, Judge.

On 31 October 2003, plaintiff Deborah Rainey filed a complaint alleging: trespass to land and nuisance against defendants St. Lawrence Homes, Inc. ("St. Lawrence"), Braxton Development Group ("Braxton"), and M.T. Murphy Construction Co., Inc., ("Murphy"); and negligent design against Penny Sekadlo, d/b/a Penny Engineering Design ("Penny"). Defendants answered and later each moved for summary judgment. On 20 August 2004, the court dismissed plaintiff's claims and granted summary judgment to each defendant in separate orders. Plaintiff appeals. As discussed below, we affirm in part and reverse in part.

This appeal arises from a dispute over liability for damages to plaintiff's real property from surface water run-off. Beginning in 2000, property adjacent to plaintiff's was developed as the Grayson Subdivision ("Grayson"). Plaintiff's property backs up to and lies downhill from Aptos Court in Grayson. Since development of Grayson, plaintiff's property has suffered erosion, flooding and other damage caused by surface water run-off. In November 2001 and October 2002, defendant Braxton transferred ownership of parts of the property comprising Grayson to defendant St. Lawrence, which then obtained building permits for various lots. Defendant Murphy performed the grading at Grayson, while defendant Penny prepared the original plan.

[1] Plaintiff argues that the court erred in granting summary judgment to St. Lawrence, Braxton and Murphy on her nuisance claims. We agree with respect to St. Lawrence, but disagree with respect to defendants Braxton and Murphy.

The standard of review on appeal from summary judgment is:

'whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.' *Bruce-Terminix Co. v. Zurich Ins. Co.,* 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). The burden is upon the moving party to show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Lowe v. Bradford,* 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982); N.C. Gen.

Stat. § 1A-1, Rule 56(c) (2003). If the moving party satisfies its burden, the burden shifts to the non-movant to set forth specific facts showing there exists a triable issue of fact. *Lowe*, 305 N.C. at 369-70, 289 S.E.2d at 366.

*McGuire v. Draughon*, 170 N.C. App. 422, 424, 612 S.E.2d 428, 430 (2005).

In 1977, our Supreme Court adopted the rule of reasonable use with respect to surface water drainage:

> Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface water is altered thereby and causes some harm to others, but *liability is incurred when his harmful interference with the flow of surface waters is unreasonable and causes substantial damage.*

> Analytically, a cause of action for unreasonable interference with the flow of surface water causing substantial damage is a private nuisance action, with *liability arising where the conduct of the landowner making the alterations in the flow of surface water is either (1) intentional and unreasonable* or (2) negligent, reckless or in the course of an abnormally dangerous activity.

*Pendergrast v. Aiken*, 293 N.C. 201, 216, 236 S.E.2d 787, 796 (1977) (internal citations and quotation marks omitted) (emphasis supplied). "Most nuisances of this kind are intentional, usually in the sense that 'the defendant has created or continued the condition causing the nuisance with full knowledge that the harm to the plaintiff's interests is substantially certain to follow.' " *Id.* at 217, at 797 (quoting W. Prosser, *Law of Torts* § 87 (4th Ed. 1971)). Thus, the essential inquiry in any nuisance action is whether the defendant's action was unreasonable. *Id.*

> Reasonableness is a question of fact to be determined in each case by weighing the gravity of the harm to the plaintiff against the utility of the conduct of the defendant. Determination of the gravity of the harm involves consideration of the extent and character of the harm to the plaintiff, the social value which the law attaches to the type of use which is invaded, the suitability of the locality for that use, the burden on plaintiff to minimize the harm, and other relevant considerations arising upon the evidence. Determination of the utility of the conduct of the defendant

RAINEY v. ST. LAWRENCE HOMES, INC.

[174 N.C. App. 611 (2005)]

involves consideration of the purpose of the defendant's conduct, the social value which the law attaches to that purpose, the suitability of the locality for the use defendant makes of the property, and other relevant considerations arising upon the evidence.

*Id.* (internal citations omitted). Even when the change in the water flow caused by the defendant is reasonable in the sense that the social utility arising from the change outweighs the harm to a plaintiff, a defendant may still be liable for nuisance damages. *Id.* at 217-18, 236 S.E.2d at 797. "The gravity of the harm may be found to be so significant that it requires compensation regardless of the utility of the conduct of the defendant." *Id.* at 218, 236 S.E.2d at 797.

At his deposition, Francis X. Buser, plaintiff's engineering expert on surface water run-off, testified that the actions of St. Lawrence in developing Grayson contributed to the unreasonable increase in the volume of water flowing onto and damaging plaintiff's property. Because reasonableness is a question of fact to be determined in each case and because reasonableness with regard to the impact of St. Lawrence's actions is disputed, summary judgment for St. Lawrence was improper, and we reverse that portion of the trial court's order. Buser's testimony does not, however, contain any opinion or suggestion that the actions of Braxton or Murphy have contributed to the unreasonable increase in surface water run-off on plaintiff's property, and we affirm summary judgment on the nuisance claims as to those defendants.

Plaintiff next argues that the court erred in granting summary judgment to defendants St. Lawrence, Braxton and Murphy on her claims of trespass to land. We agree that the court erred in granting summary judgment to St. Lawrence, but conclude there was no error with regard to defendants Murphy and Braxton.

"The elements of a trespass claim are that plaintiff was in possession of the land at the time of the alleged trespass; that defendant made an unauthorized, and therefore unlawful, entry on the land; and that plaintiff was damaged by the alleged invasion of his rights of possession." *Jordan v. Foust Oil Co.*, 116 N.C. App. 155, 166, 447 S.E.2d 491, 498 (1994). Further, in the absence of negligence, trespass to land requires that a defendant intentionally enter onto the plaintiff's land. *York Industrial Center, Inc. v. Michigan Mut. Liability Co.*, 271 N.C. 158, 163, 155 S.E.2d 501, 505-06, (1967). However, though the

defendant's entry must be intentional, the defendant need not have contemplated any damage to the plaintiff to incur liability. *Lee v. Stewart*, 218 N.C. 287, 289, 10 S.E.2d 804, 805 (1940).

Here, plaintiff's forecast of evidence, particularly in Buser's deposition testimony, indicates that she owned property that was damaged by an increase in surface water run-off resulting at least in part from St. Lawrence's development of Grayson. While St. Lawrence may not have contemplated or intended the damage to plaintiff's property, St. Lawrence did intend to develop Grayson which action Buser testified was likely a cause of the increased surface water run-off onto plaintiff's property. Thus, the court erred in granting summary judgment to St. Lawrence. However, plaintiff failed to forecast like evidence with regard to Murphy and Braxton, and the court properly granted their motions and dismissed the trespass to land charges against them.

**[2]** Plaintiff also argues that the court erred in granting summary judgment to defendant Penny on the issue of negligence. We disagree.

To establish a *prima facie* case of professional negligence a plaintiff must show "(1) the nature of [defendant]'s profession; (2) [defendant]'s duty to conform to a certain standard of conduct; and (3) a breach of the duty proximately caused injury to [plaintiff]." *Handex of the Carolinas, Inc. v. County of Haywood*, 168 N.C. App. 1, 10, 607 S.E.2d 25, 31 (2005). Plaintiff's forecast of evidence, including the report and deposition from Buser, fails to establish any of the essential elements of a *prima facie* case of negligence. Thus, we conclude that summary judgment was proper on the negligence claim against Penny.

Affirmed in part, reversed in part.

Judges STEELMAN and JACKSON concur.