HOSSEIN AHMADI D/B/A HB AUTO SALES, PLAINTIFF v. TRIANGLE RENT A CAR, INC. AND TRIANGLE RENT A CAR, LLC, DEFENDANTS

No. COA09-1299

(Filed 6 April 2010)

**1. Contracts— breach of contract—summary judgment—failure to produce material facts**

The trial court did not err by granting summary judgment in favor of defendants on a breach of contract claim. Plaintiff failed to present any evidence of a breach of contract when it was undisputed that plaintiff took possession of an automobile upon its sale and that he was provided with a proper title with the lien released following his purchase.

AHMADI v. TRIANGLE RENT A CAR, INC.

[203 N.C. App. 360 (2010)]

**2. Appeal and Error— preservation of issues—failure to argue**

Although plaintiff contends the trial court erred by granting summary judgment in favor of defendants on a breach of warranty claim, plaintiff abandoned this argument by failing to argue it in his brief as required by N.C. R. App. P. 28(b)(6).

**3. Unfair Trade Practices— summary judgment—failure to produce material facts**

The trial court did not err by granting summary judgment in favor of defendants on an unfair and deceptive trade practices claim. The uncontroverted evidence showed that plaintiff received a proper title for an automobile shortly after purchase, and for reasons unexplained in the record, a new title was not issued from the South Carolina Division of Motor Vehicles.

Appeal by plaintiff from order entered 10 June 2009 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 24 February 2010.

*Benson & Brown, PLLC, by Drew Brown, for plaintiff-appellant.*

*Wallace & Nordan, LLP, by John R. Wallace and Joseph A. Newsome, for defendant-appellees.*

STEELMAN, Judge.

Where plaintiff failed to present evidence, which indicated material issues of fact in response to defendants' motion for summary judgment, the trial court properly entered summary judgment in favor of defendants.

## I.  Factual and Procedural Background

Hossein Ahmadi (plaintiff), doing business as HB Auto Sales, was engaged in the business of the purchase and resale of automobiles. On 26 October 2005, plaintiff purchased a wrecked 2005 Jeep owned by Triangle Rent A Car, LLC, formerly Triangle Rent a Car, Inc. (defendants) at the Greensboro Auto Auction. Following payment by plaintiff, Greensboro Auto Auction delivered to plaintiff the title to the vehicle, bearing the signature of an authorized representative of defendants as sellers and a signature on behalf of the lien holder, RegionsBank, releasing its lien on the vehicle.

On 30 June 2006, nearly eight months later, plaintiff took the vehicle title to SunTrust Bank in Greensboro, where he obtained a loan

for $20,000 using the vehicle title as collateral. SunTrust Bank submitted the title to the South Carolina Division of Motor Vehicles to have a new Certificate of Title issued in favor of plaintiff, with a lien noted on the title in favor of SunTrust Bank. For reasons that are not clear in the record, the South Carolina Division of Motor Vehicles failed to issue a new title or return the old one. In April 2007, plaintiff realized that a new title had not been returned to SunTrust and requested the assistance of Greensboro Auto Auction in obtaining a new title. In April 2008, Greensboro Auto Auction contacted defendants, and they assisted in obtaining a duplicate title.

On 26 September 2008, plaintiff filed a complaint against defendants alleging claims for breach of contract, breach of implied warranty of merchantability, and unfair and deceptive trade practices. On 10 June 2009, the trial court granted summary judgment in favor of defendants.

Plaintiff appeals.

## II.  Summary Judgment

In his only argument, plaintiff contends that the trial court committed reversible error when it granted defendants' motion for summary judgment on all of plaintiff's claims. We disagree.

## A.  Standard of Review

Our standard of review on appeal of a grant of summary judgment is *de novo*. *See Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Id.* at 523-24, 649 S.E.2d at 385 (citing N.C. Gen. Stat. § 1A-1, Rule 56(c)). "Moreover, 'all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion.' " *Id.* at 324, 649 S.E.2d at 385 (citing *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)).

## B.  Analysis

### 1.  Breach of Contract Claim

[1]  "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000) (citation omit-

ted). It is undisputed that a valid contract existed for the sale of the Jeep with proper title. However, plaintiff has failed to present any evidence of a breach of the contract. It is undisputed that plaintiff took possession of the Jeep upon its sale, and that he was provided with a proper title, with the lien released following his purchase.

Plaintiff argues that defendants breached the contract by failing to provide a proper title to the vehicle. Defendants submitted affidavits of two persons, including plaintiff's banker at SunTrust Bank, who stated that the vehicle title was in proper form when submitted to plaintiff. The record is not clear as to why there was a problem transferring the title in South Carolina. When asked in interrogatories to describe the defect in title, plaintiff responded: "The document was not valid. South Carolina DMV needed more information. It was completely deficient as it was not recognized by SC DMV." In light of the specific affidavits filed by defendants that the title was in proper order, this response was not sufficient to create a material issue of fact. Plaintiff points to the conclusory statement in his brother's affidavit of 2 June 2009 that: "Repeated representations were made by Triangle that they would resolve this issue." However, in his deposition, plaintiff was asked whether either he or his brother had spoken to Triangle from 26 October 2005 until the filing of the complaint about the vehicle. Plaintiff responded: "I really don't remember." A party is not permitted to file affidavits contradicting prior testimony for the purpose of creating an issue of fact. *Barringer v. Wake Forest Univ. Baptist Med. Ctr.*, —— N.C. App. ——, ——, 677 S.E.2d 465, 478 (2009) (quotation omitted), *stay granted*, 363 N.C. 580, *stay denied*, 363 N.C. 651 (2009). The trial court correctly granted defendant's motion for summary judgment.

### 2. Breach of Warranty Claim

**[2]** As to the breach of warranty claim contained in the complaint, plaintiff makes no argument in his brief that the dismissal of this claim was error. Any argument pertaining to the breach of warranty claim is thus deemed abandoned. N.C.R. App. P. 28(b)(6).

### 3. Unfair and Deceptive Trade Practices Claim

**[3]** "To establish a *prima facie* claim for unfair trade practices, the plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Tucker v. Blvd. at Piper Glen L.L.C.*, 150 N.C. App. 150, 153-54, 564

S.E.2d 248, 251 (2002) (citation omitted). Defendants presented affidavits from two persons, including plaintiff's banker, that the title to the vehicle was in proper order, with the lien released. As discussed above, plaintiff presented no evidence that the title was defective. Plaintiff's argument on appeal is based upon the "repeated representations" discussed above, and found to have no merit as to the breach of contract claim. Similarly, these arguments do not support plaintiff's claim for unfair and deceptive trade practices.

In summary judgment proceedings "once the moving party has submitted materials in support of the motion . . . the burden shifts to the opposing party to produce evidence establishing that the motion should not be granted." *Campbell v. Board of Educ. of Catawba Co.*, 76 N.C. App. 495, 497, 333 S.E.2d 507, 508-09 (1985) (citation omitted), *disc. review denied*, 315 N.C. 390, 338 S.E.2d 878 (1986). " '[T]he opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment.' " *Id.* at 499, 333 S.E.2d at 510 (quoting *Conner Co. v. Spanish Inns*, 294 N.C. 661, 675, 242 S.E.2d 785, 793 (1978)). Plaintiff has failed to produce any material facts to support its claims for breach of contract, breach of implied warranty of merchantability, and unfair and deceptive trade practices. The uncontroverted evidence shows that plaintiff received a proper title for the Jeep shortly after purchase, and for reasons that are unexplained in the record, a new title was not issued from the South Carolina Division of Motor Vehicles. Defendants were entitled to summary judgment.

This argument is without merit.

AFFIRMED.

Judges BRYANT and BEASLEY concur.